STATE *v.* BENNETT.

jurisdiction conferred by this section, shall have exclusive original juris-diction of all other criminal offenses committed in the county below the grade of felony as now defined by law, and the same are hereby declared to be petty misdemeanors." G.S. 7-222.

Thus the County Recorder's Court of Craven County has exclusive original jurisdiction of offenses below the grade of felony committed any-where in the county, while the Municipal Court of New Bern has like jurisdiction of such offenses when committed within the limits of the municipality or within a radius of five miles thereof.

That this creates an impossible situation is self-evident. *Reductio ad absurdum.* We cannot conceive any sound reason why we should give the word "exclusive" as used in section 4 any more force and effect than is accorded the same term as used in section 27 of the same Act. The two sections are irreconcilable to the extent they attempt to confer on both courts exclusive original jurisdiction of general misdemeanors com-mitted within the territorial limits of the Municipal Recorder's Court of New Bern. To this extent one cancels out the other.

As we cannot reconcile the irreconcilable, we conclude that, within the territorial limits of the Municipal Recorder's Court of New Bern, the two courts possess and may exercise concurrent jurisdiction. *In re Barnes,* 212 N.C. 735, 194 S.E. 499. This necessitates a reversal of the judgment entered in the court below. The cause is remanded to the end that the solicitor may proceed with the prosecution.

Reversed.

---

## STATE v. WOODROW BENNETT.

(Filed 4 November, 1953.)

APPEAL by the State from *Stevens, J.,* June Term, 1953, CRAVEN.

Criminal prosecution under two warrants issued out of the County Recorder's Court of Craven County. Defendant is charged in each war-rant with a violation of the motor vehicle law. In the court below the two warrants were consolidated for trial. Thereupon, the court, upon motion of the defendant, quashed the warrants for that the Recorder's Court of Craven County was without jurisdiction of the offenses therein charged. The State excepted and appealed.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Charles L. Abernethy, Jr., for defendant, appellee.*

BARNHILL, J.   This appeal presents the identical question decided by this Court in *S. v. Sloan, ante,* p. 547, this day filed.   On authority of the opinion in that case, the judgment below is
Reversed.

---

## STATE v. TOMMIE POWELL.

(Filed 4 November, 1953.)

**Criminal Law § 77b—**

> The rule requiring a narrative statement of the evidence in the case on appeal is mandatory and may not be waived by the parties, and a record containing in an "agreed statement of facts" a mere summary of the evidence. largely in the form of conclusions, is not a compliance with the rule and requires a dismissal of the appeal, and a statement of the evidence in question and answer form in the brief does not alter this result.

APPEAL by defendant from *Harris, J.,* and a jury, at April Term, 1953, of DUPLIN.

Criminal prosecution tried on appeal from General County Court upon a warrant charging the defendant with (1) possession of nontax-paid whiskey, and (2) possession of nontax-paid whiskey for the purpose of sale.

The jury returned a verdict of guilty, and from judgment pronounced the defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Gerald F. White, Member of Staff, for the State.*
*Latham A. Wilson for defendant, appellant.*

JOHNSON, J.   The Attorney-General moves to affirm the judgment and dismiss the appeal for failure to include in the case on appeal a narrative statement of the evidence as required by Rule 19 (4), Rules of Practice in the Supreme Court, 221 N.C. 544, p. 556.

This Rule requires that the evidence "shall be in narrative form, and not by question and answer, except that a question and answer, or a series of them, may be set out when the subject of a particular exception." The Rule further provides that "If the case is settled by agreement of counsel, or the statement of the appellant becomes the case on appeal, and the rule is not complied with, . . . the appeal will be dismissed." This Rule is mandatory, and may not be waived by the parties. *Bank v. Fries,* 162 N.C. 516, 77 S.E. 678; *Anderson v. Heating Co., ante,* 138, 76 S.E. 2d 458.   See also *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126; *In re De Febio,* 237 N.C. 269, 74 S.E. 2d 531.